UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-CV-22066-WILLIAMS

BILLY CYPRESS, ETHEL HUGGINS,
JOHNSON BILLIE, JAMES CLAY,
AUDREY CLAY, NINA BILLIE,
AGNES BRADY, BETTY CLAY,
EDNA TIGERTAIL, EVELYN CYPRESS,
GREG KELLY, HEATHER CYPRESS,
LUTHER TIGER, MARY KELLY, JASPER
NELSON, and PRISCILLA BUSTER,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
THE TREASURY AND JACOB J. LEW,
in his Official Capacity as Secretary of the
Treasury, UNITED STATES DEPARTMENT
OF THE INTERIOR AND SALLY JEWEL,
in her Official Capacity as Secretary of the
Interior,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction [D.E. 11]. For the reasons stated below, Defendants' Motion to Dismiss [D.E. 11] is GRANTED.

Plaintiffs are 16 members of the Miccosukee Tribe of Indians of Florida who challenge the authority of the United States to impose federal income taxes on "Tribal distribution" payments they receive from a Tribal trust account that includes "revenues from the Tribe's fixed tax assessments on the gross revenues of the Tribe's gaming

1

enterprises" and other revenue sources [D.E. 1 ¶ 86]. Plaintiffs' Complaint contains six causes of action seeking a declaratory judgment that any taxes levied on the Tribe's payments to Plaintiffs are in violation of various statutory and treaty provisions governing the Tribe's relationship with the United States. *Id.* at ¶¶ 98-148.

The government has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that the Court lacks subject matter jurisdiction over this action [D.E. 11]. Specifically, the government argues that the Complaint must be dismissed because Plaintiffs have failed to identify a valid waiver of sovereign immunity allowing these claims to go forward. *Id.* Plaintiffs have filed a memorandum in opposition to the motion [D.E. 19] and a supplemental memorandum of law [D.E. 26], and the government has filed a reply in support of its motion [D.E. 22]. The Court also heard oral arguments on the motion at a hearing on November 25, 2014 [D.E. 25].

A challenge to subject matter jurisdiction under Rule 12(b)(1) may be made facially or factually. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-36 (11th Cir. 2013). In a facial challenge, the Court need only examine the complaint itself to determine if a plaintiff has sufficiently alleged subject matter jurisdiction, and the allegations contained in the complaint are taken as true for purposes of the motion; in a factual attack, the court may consider extrinsic evidence, and the court is not obliged to construe this evidence in the light most favorable to the plaintiff. *Id.* The government's motion is primarily a facial attack [D.E. 11 at 5].

I. **Sovereign Immunity**

The government's primary argument is that the Court does not have jurisdiction over this matter because Plaintiff has failed to establish a waiver of sovereign immunity

allowing the suit to go forward. *Id.* at 5-8. It is well established that the United States, as a sovereign entity, is immune from suit unless it consents to be sued. *Christian Coalition of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)). A waiver of sovereign immunity must be "unequivocally expressed," and an express waiver must be "strictly construed." *Ishler v. Internal Revenue*, 237 F.App'x 394, 397 (11th Cir. 2007) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). Because Plaintiffs bear the burden of establishing subject matter jurisdiction, they "must prove an explicit waiver of immunity." *Id.* at 398.

In their Complaint, Plaintiffs assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 702 [D.E. 1 ¶ 93], and under the Miccosukee Reserved Area Act, 16 U.S.C. § 410. *Id.* at ¶ 18. After reviewing the arguments and the law cited by the parties, the Court finds that none of these statutes establishes an explicit waiver of sovereign immunity applicable to this action.

### a. 28 U.S.C. § 2201

While the Declaratory Judgment Act "generally authorizes courts to issue declaratory judgments as a remedy," this statute "excludes federal tax matters from its remedial scheme." *Christian Coalition*, 662 F.3d at 1188-89. *See also* 28 U.S.C. § 2201(a) (allowing courts to issue declaratory judgments "[i]n a case of actual controversy within its jurisdiction, *except with respect to federal taxes other than actions brought under Section 7428 of the Internal Revenue Code of 1986...*") (emphasis added). In their Complaint, Plaintiffs assert that the Court has jurisdiction "notwithstanding 28 U.S.C. § 2201(a)" [D.E. 1 ¶ 17], but they fail to explain why the

3

statute's unambiguous exclusion of federal tax claims does not govern. Consequently, the Court finds that this statute does not provide an explicit waiver of sovereign immunity.

### b. 16 U.S.C. § 410

In 1998, Congress passed the Miccosukee Reserved Area Act, which principally addressed the relationship between the Miccosukee Tribe's lands and Everglades National Park [D.E. 1 ¶¶ 70-72]. *See also* Miccosukee Reserved Area Act, Pub. L. No. 105-313, 112 Stat. 2964 (1998) (codified as 16 U.S.C.A. § 410). The MRAA provides that "[t]he Tribe may bring a civil action in the United States district court for the district in which the MRA is located to enjoin the United States from violating any provision of this Act." *Id.* Plaintiffs argue that, because the government has waived sovereign immunity for claims brought by "the Tribe" under the MRAA, the government has also waived sovereign immunity for claims filed by individual members of the Tribe [D.E. 19 at 6-7]. In support of this argument, Plaintiffs rely on *McClanahan v. State Tax Comm'n of Ariz.*, 411 U.S. 164, 181 (1973), in which the Supreme Court stated that "when Congress has legislated on Indian matters, it has, most often, dealt with the tribes as collective entities. But those entities are, after all, composed of individual Indians, and the legislation confers individual rights" [D.E. 26 ¶ 1]. However, the Court is not aware of any case that has found that this general statement from *McClanahan* alters the "traditional principle that the Government's consent to be sued must be construed strictly in favor of the sovereign." *Nordic Village*, 503 U.S. at 34 (internal quotation omitted). The Court finds that the MRAA does not contain an "unequivocal expression" of a waiver of sovereign immunity for individual members of the Miccosukee Tribe. And

4

even if the Court were to find that individual Tribe members could bring suit under the MRAA, Plaintiffs have failed to show that the claims brought in this action arise from any violations of the MRAA, which makes no reference to, provision for or mention of taxes of any kind. Thus, the Court finds that the MRAA does not provide a waiver of sovereign immunity in this action.

### c. 5 U.S.C. § 702

Plaintiffs assert that the government has waived statutory immunity under Section 702 of the Administrative Procedures Act, which acts as a "general waiver of sovereign immunity for suits against the United States seeking nonmonetary relief, even if the claim does not arise under the APA" [D.E. 19 at 5] (quoting *Miccosukee Tribe of Indians of Fla. v. United States*, 680 F.Supp.2d 1308, 1316 (S.D. Fla. 2010)). However, Section 702 expressly states that "[n]othing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. The government argues that the relief requested in this action is forbidden by two statutes: The Declaratory Judgment Act and the Anti-Injunction Act [D.E. 11 at 8-11].

## II. The Anti-Injunction Act and the Declaratory Judgment Act

As discussed above, the Declaratory Judgment Act allows a federal court to issue a declaratory judgment "[i]n a case of actual controversy within its jurisdiction, *except with respect to federal taxes other than actions brought under Section 7428 of the Internal Revenue Code of 1986...*" 28 U.S.C. § 2201(a) (emphasis added). Several

courts have found that Section 702 of the APA does not usurp the Declaratory Judgment Act's exclusion of declaratory actions regarding federal taxes. *See, e.g., Cohen v. United States*, 650 F.3d 717, 740 n.5 (D.C. Cir. 2011); *Ishler v. C.I.R.*, 442 F.Supp.2d 1189, 1209-11 (N.D. Ala. 2006); *Granse v. United States*, 932 F.Supp. 1162, 1167 (D. Minn. 1996).

Similarly, the Anti-Injunction Act provides that, but for narrow exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Reading these two statutes together "against the backdrop of sovereign immunity," the Eleventh Circuit has concluded that "judicial review of IRS determinations is largely circumscribed to entertaining suits for the refund of already-paid taxes." *Christian Coalition*, 662 F.3d at 1189.

The Supreme Court has recognized an exception to the Anti-Injunction Act which allows tax claims against the government where (1) "under no circumstances could the Government ultimately prevail" and (2) equity jurisdiction exists because there is no adequate remedy at law and irreparable injury would result from the tax collection. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6-7 (1962). Plaintiffs argue that their claims satisfy the requirements of the *Williams Packing* exception [D.E. 19 at 8-12]. But the Court finds this argument without merit.

Plaintiffs baldly assert that the government "definitely will lose in its attempt to assess and collect taxes on exempt gross receipts," *id.* at 12, but they offer little in the way of legal argument to support this contention. Plaintiffs argue that the "gross

6

receipts" received by Tribal members are exempt from taxation pursuant to 25 U.S.C. § 459e, which provides that:

> All property conveyed to tribes pursuant to this subchapter and all the receipts therefrom referred to in section 459d of this title, shall be exempt from Federal, State, and local taxation so long as such property is held in trust by the United States. Any distribution of such receipts to tribal members shall neither be considered as income or resources of such members for purposes of any such taxation nor as income, resources, or otherwise utilized as the basis for denying or reducing the financial assistance or other benefits to which such member or his household would otherwise be entitled to under the Social Security Act [42 U.S.C.A. § 301 *et seq.*] or any other Federal or federally assisted program.

Plaintiffs argument requires a conclusive finding that the revenues paid to Miccosukee Tribe members, including those derived from gaming revenues, qualify as "receipts" derived from property conveyed to the Tribe by the federal government pursuant to 25 U.S.C. § 459. However, Plaintiffs have not cited any legal support for this argument. As the government notes, section 459e on which Plaintiffs rely relates to the "conveyance of submarginal land." *See Springer v. West*, 13 Vet. App. 431, 436 (2000). Although Plaintiffs appear to argue that in enacting 25 U.S.C. § 459e Congress intended to exempt from federal taxes all income derived in any way from Miccosukee land [D.E. 19 at 11-12], they have failed to show that Miccosukee lands are governed by any of the provisions of Section 459, nor have they offered any support for the argument that § 459e creates a federal tax exemption for any income derived from any business enterprises situated on all Tribal lands. The only legal support offered by Plaintiffs consists of three revenue rulings from the IRS, all of which stand only for the proposition that income generated from oil leases, grazing fees and farming is exempt from federal taxes [D.E. 19 at 11]. *See* Rev. Rul. 60-96, 1960-1 C.B. 18, 1960 WL 13007, Rev. Rul. 57-523, 2 C.B. 51, 1957 WL 11009, Rev. Rul. 56-342, C.B. 1956-2, C.B. 20. None of

these rulings discusses 25 U.S.C. § 459e; indeed, they all predate the passage of this statutory provision by some 15 years. Given the absence of any legal support for Plaintiffs' arguments, the Court finds that Plaintiffs have failed to establish that they are certain to succeed on a challenge to the federal government's tax collections efforts.

Plaintiffs also cannot show that they have no adequate remedy at law. As the government notes, the existence of alternative remedies is made most obvious by the fact that twelve of the sixteen Plaintiffs have filed actions in United States Tax Court disputing the IRS determinations that they owe taxes on the distributions received from the Tribe [D.E. 11 at 3, 12]. Plaintiffs argue that they have no adequate remedy at law because the Tribe is an indispensable party that cannot be joined involuntarily because of its sovereign immunity [D.E. 19 at 8-9]. But Plaintiffs have failed to explain why the Tribe would be an indispensable party as defined by Fed. R. Civ. P. 19(a), and the Court has not found any authority for the proposition that a Native American tribe is a necessary party to a tax refund claim brought by one of its members under 28 U.S.C. § 1346(a)(1).

After reviewing the arguments made by the Parties, the Court finds that Plaintiffs have failed to demonstrate that their claims satisfy the *Williams Packing* exception to the Anti-Injunction Act. Therefore, this action is barred by 26 U.S.C. § 7421(a) and 28 U.S.C. § 2201(a), and this Court does not have subject-matter jurisdiction over this action under 5 U.S.C. § 702. For these reasons, the Government's motion to dismiss [D.E. 11] is GRANTED.

### III. Leave to Amend the Complaint

During oral arguments on this motion, Plaintiffs' counsel requested leave to amend the Complaint to add additional factual allegations addressing the "irreparable injury" component of the *Williams Packing* test. While leave to amend "shall be freely given when justice so requires," a motion to amend may be denied on numerous grounds, including futility of the amendment. *See Maynard v. Bd. of Regents of Div. of Univs. Of Fla. Dept. of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Amendment is futile when the complaint as amended would still be subject to dismissal. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004).

The Court has found that this action is barred by the Declaratory Judgment Act and the Anti-Injunction Act, and that the *Williams Packing* exception to the Anti-Injunction Act is not applicable. Specifically, the Court has found that Plaintiffs have failed to show that the Government can prevail "under no circumstances," or that Plaintiffs do not have an adequate remedy at law in a tax refund action, as required for the *Williams Packing* exception to apply. Given the Plaintiffs' inability to meet these prongs, an amendment to address the "irreparable harm" element of this test would not cure the fundamental defects in the Complaint. Plaintiffs have not identified any additional statutory waiver of sovereign immunity or any basis to believe that the Declaratory Judgment Act and the Anti-Injunction Act would not apply with equal force to an Amended Complaint. Therefore, the Court finds that amendment of the Complaint would be futile, and leave to amend shall not be granted. *See Blankenship v. Claus*, 149 F.App'x 897, 899 (11th Cir. 2005) (amendment is futile where Plaintiff has failed to identify grounds for jurisdiction).

9

### IV.     Conclusion

For the reasons stated above, Defendant's Motion to Dismiss [D.E. 11] is GRANTED.  All other pending motions are DENIED as moot, and the Clerk is directed to CLOSE this case.

DONE AND ORDERED in Chambers in Miami, Florida, this ____ day of December, 2014.

```
_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
```